CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2017 APR 18 PM 4:08
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| HENRY DAVID THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:15-CV-125-BL |
| LORIE DAVIS, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been assigned to the United States Magistrate Judge, but as all parties have not filed a consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), the undersigned magistrate judge issues this report and recommendation pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Afer review and consideration of the § 2254 petition and the applicable law, the district judge should deny the petition.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner Henry Thomas, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 1, 2015. (§ 2254 Petition, doc. 1.) After service upon the respondent, and in response to a Court order, the respondent filed an answer to Petitioner's § 2254 petition. (Doc. 12.) The respondent also filed copies of the state court records of the disciplinary grievance process and of the disciplinary hearing, and also submitted a copy of the audio recording of the hearing arising from the disciplinary case. (Disciplinary Grievance Record (DGR) (doc. 14-1, at 1-7); Disciplinary Hearing Record (doc. 14-2, at 1-11.)

Petitioner Thomas is in the Director's custody pursuant to two judgments and sentences of the 155th District Court of McLennon County, Texas, in case numbers 2010-512-C2 and 2011-428-C2, each styled *The State of Texas v. Henry David Thomas*. (Response Exhibit A (doc. 12-1)); (Doc. 1, at 2.) Thomas is serving 15 and 10-year sentences for convictions for indecency with a child and possession of child pornography. *Id.* A procedural history of any appeal or state habeas corpus applications regarding Thomas's offenses is not relevant to the disposition of this case because Thomas does not directly challenge his conviction.

Rather, Thomas challenges in this case prison disciplinary case number 2015085778. In this disciplinary case, Thomas pled not guilty. (Doc. 14-2, at 3.) But he was found guilty of the disciplinary offense of "damaging or destroying property" in the form of 24 fish sandwiches.[1] (Doc. 14-2, at 3-4.) Thomas's punishment included 45 days of lost commissary, recreation, and telephone privileges, and 30 days of lost good time. *Id.* at 3.

In response, Thomas filed the requisite step one and step two grievances to administratively appeal/challenge the disciplinary proceeding, but TDCJ officials affirmed the disciplinary punishment at each level of review. (Doc. 14-1, at 3-7.) Thomas then filed the instant § 2254 petition, seeking reversal of the disciplinary conviction, restoration of the earned good time, and restoration of the lost privileges. (Doc. 1, at 7.)

## II. ISSUES

Petitioner Thomas claims that the disciplinary offense violated his due process rights because

---

[1] The TDCJ-CID Disciplinary Rules and Procedures for Offenders manual is available atwww.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf. Attachment B listing Level 2 Offenses. (last visited April 18, 2017). "Damaging or destroying property" is a Level 2 Offense, Code 18.0 disciplinary violation of the disciplinary rules.

2

insufficient evidence supported the offense as alleged, and TDCJ violated its own policy by not conducting the investigation within 24 hours. (Doc. 1, at 6-7.)

### III. NO VIOLATION OF DUE PROCESS OF LAW

#### A. <u>Loss of Good Time Credit</u>

As noted, Thomas forfeited 30 days of good time credit as a result of this disciplinary proceeding, and he seeks restoration of that time. (Doc. 1, at 7.) He seeks that relief based upon his allegations of the denial of his right to due process of law during the hearing and disciplinary proceeding that resulted in his disciplinary conviction. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995). In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision create a protected liberty interest in early release from prison. *See Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58 (holding that inmates that are eligible for release on mandatory supervision have a protected liberty interest in the loss of good-time credits).

Eligibility for mandatory supervision is determined based on the statute in effect at the time the current offense was committed. *See Ex parte Hall*, 995 S.W. 2d 151, 152 (Tex. Crim. App. 1999). Thomas's loss of good time credit does not invoke due process concerns, because, pursuant to the mandatory supervision statute in effect when Thomas committed indecency with a child, he

3

is ineligible for release to mandatory supervision. *See* Tex. Gov't Code § 508.149(a) (West 2006) (stating "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for . . .(5) a second degree or third degree felony under Section 22.11, Penal Code."). Because the Texas legislature has specifically excluded persons with convictions for indecency-with-a-child from being eligible for release to mandatory supervision, it necessarily follows that Thomas has no liberty interest in his good time credits. *See generally Campos v. Johnson*, 958 F. Supp. 1180, 1189 (W.D. Tex. 1997) ("No court has ever construed the Texas statutes relating to mandatory supervision as creating such a federally-protected right on behalf of Texas prisoners whose offenses are expressly and specifically excluded from the parameters of the Texas mandatory supervision statute"); *see also Hunter v. Quarterman*, No. 4:06-CV-342-A, 2006 WL 2914162 *5 (N.D. Tex. Oct. 11, 2006) ("Time credit is not a vested right, but rather a privilege established by the Texas legislature that may be forfeited. Accordingly, Texas statutory law allowing TDCJ to disregard the time a prisoner spends on mandatory supervision does not raise a federal constitutional concern") (citations omitted).

Since Thomas is not eligible for mandatory supervision release, the loss of good time credit does not affect the fact or duration of his sentence. Thus, he cannot show he was deprived of a constitutionally protected liberty interest, and his claim that the lost good time results from a loss of due process does not state a basis for federal habeas corpus relief. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (acknowledging that under Article 42.18, Section 8(c) of the Texas Code of Criminal Procedure, certain inmates are not eligible for release to mandatory supervision and holding that, if on remand the district court finds that the petitioner is not eligible for mandatory supervision, the court may reinstate the dismissal of the petitioner's writ for habeas corpus relief

because the petitioner would not be entitled to procedural due process); *Malchi*, 211 F.3d at 957-58. Accordingly, Thomas's complaints as they pertain to his loss of good time credits must be dismissed.

**B.     Loss of Commissary/Recreation/Telephone Privileges**

As a result of challenged disciplinary case number 2015085778, Thomas was also assessed the punishment of 45 days' loss of commissary, recreation, and telephone privileges. (Doc. 14-2, at 3.) "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *See Sandin v. Conner*, 515 U.S. 472, 478 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Id.* at 485; *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974); *Madison*, 104 F.3d at 767. Although prisoners do not lose all constitutional rights, the liberty interests that states may create are generally limited to freedom from restraint, in quantity of time rather than quality of time served by the prisoner. *Sandin*, 515 U.S. at 483-84; *Madison*, 104 F.3d at 767. To afford due process protections, the inmate generally must show an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

To the extent Thomas challenges his loss of commissary and recreation privileges, such punishments do not pose an "atypical" or "significant hardship" beyond "the ordinary incidents of prison life." *Id.* Rather, such restrictions constitute only a change in the conditions of Thomas's confinement, and therefore do not implicate the protections afforded by the Due Process Clause. *See id.* at 486 (holding that no liberty interest was implicated by placement in segregated confinement); *Madison*, 104 F.3d at 768 (holding that thirty days of commissary and cell restrictions do not implicate due process concerns). Thus, with respect to his loss of commissary privileges, recreation privileges, and telephone privileges, Thomas has failed to state a claim that entitles him to federal habeas corpus relief.

5

In sum, as Thomas's claims do not provide an actionable basis for relief under federal habeas corpus law, his petition should be denied. *See Sandin*, 515 U.S. at 483-84; *Madison*, 104 F.3d at 767.

## IV. RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that the petition for writ of habeas corpus under § 2254 be **DENIED**.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

Signed April 18, 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE